UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard N. Saunders, III

   v.                                             Civil No. 15-cv-0225-JD

Strafford County Department
of Corrections, Superintendent
Bruce Pelkie

**REPORT AND RECOMMENDATION**

    Before the court is the complaint (doc. no. 1) filed by New Hampshire State Prison ("NHSP") inmate Richard N. Saunders, III. The complaint is before this magistrate judge for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).

**Preliminary Review Standard**

    The court may dismiss claims asserted in an inmate's complaint if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b). In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain

"sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Saunders asserts that at about 11:30 p.m. on August 30, 2014, while he was a pretrial detainee in the Strafford County House of Corrections, a female guard watched him as he was using the toilet in his cell, and then commented on the size of his penis, telling him to put it away so that she could do a head count.  Saunders further asserts that the standard operating procedure for female guards on the tier is to announce their presence when they approach a cell, but the female guard on this occasion did not follow that procedure.

Saunders complained about the guard's behavior to Lt. Chris Brackett, who investigated the matter and interviewed the guard in question.  Lt. Brackett told Saunders that Brackett's investigation showed that Saunders's incident report "held water."  Saunders asserts that despite his further complaints

and grievances about the incident, no further action was taken on his complaint.  Saunders specifically asserts that although Lt. Brackett said he would prevent the female guard from working again on Saunders's tier, she worked there three times after Saunders reported the incident.

## Discussion

### I. Prison Rape Elimination Act ("PREA")

Saunders cites the PREA as providing statutory authority for his claims.  That statute, however, does not provide Saunders with a private right of action.  See Morissette v. Supt. of MCI Cedar Junction, No. 14-10246-DJC, 2014 WL 3896722, at *3, 2014 U.S. Dist. LEXIS 109024, at *8 (D. Mass. Aug. 7, 2014) (PREA does not create private right of action). Accordingly, Saunders's PREA claims should be dismissed.

### II. Section 1983

Saunders asserts claims for damages and injunctive relief under 42 U.S.C. § 1983, based on the female guard's behavior on August 30, 2014, and the inaction of County personnel to redress his complaints and grievances about that incident.  Saunders's allegations about the female guard's failure to announce her presence to him on one occasion, while he was urinating when she

3

was conducting a head count, and her utterance of a single, off-color remark on that one occasion, do not state a claim for relief under 42 U.S.C. § 1983.  See Doe 5 v. City of Haltom City, 106 F. App'x 906, 908 (5th Cir. 2004) ("[v]erbal sexual harassment does not violate a detainee or inmate's constitutional rights"); see also Patrick v. Martin, 402 F. App'x 284, 285 (9th Cir. 2010) (prisoner does not state claim for relief under § 1983 based on allegations of verbal sexual harassment).  Cf. Bettencourt v. Owens, 542 F. App'x 730, 735 (11th Cir. 2013) (prisoner who alleges that he was subjected to "'uninvited and unwelcome verbal . . . behavior of a sexual nature,'" has not stated facts showing that he was subjected to substantial risk of serious harm (footnotes and citations omitted)).  The allegations regarding the isolated incident, and the response of County supervisory personnel, do not give rise to a reasonable inference that Saunders was subjected to the type of sexual harassment that has been deemed actionable under the Equal Protection Clause outside of the prison context.  See, e.g., Lipsett v. Univ. of P.R., 864 F.2d 881, 897-98 (1st Cir. 1988) (discussing elements of sexual harassment claims under Title IX and Equal Protection Clause).  Saunders has thus not alleged any violation of his constitutional rights, and,

therefore, all of Saunders's § 1983 claims should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 26, 2015

cc:  Richard N. Saunders, III, pro se