UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard N. Saunders, III

   v.                                Civil No. 15-cv-0225-JD

Bruce Pelkie, Superintendent,
Strafford County Department of
Corrections

**REPORT AND RECOMMENDATION**

Before the court is a complaint addendum (doc. no. 8) filed by plaintiff, Richard N. Saunders, III.[1] The complaint addendum is before this magistrate judge for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a). In conducting this review, the court applies the standard that is set forth in the June 26, 2015, Report and Recommendation (doc. no. 6) ("June 26 R&R").

**Background**

Saunders filed this action to seek relief arising out of allegations that Corrections Officer ("C.O.") Drew, a female guard at the Strafford County Department of Corrections ("SCDC"), on one occasion, watched him as he was using the

---

[1] In an Order issued on this date, the court has granted plaintiff's motion to amend the complaint (doc. no. 8) and has deemed the factual allegations asserted therein to be a complaint addendum.

toilet in his cell, then commented on the size of his penis and told him to put it away so that she could do a head count, and that supervisory SCDC personnel took no action on his complaint. In the complaint addendum (doc. no. 8), Saunders has clarified that at the time of the incident, he was a convicted inmate and not a pretrial detainee, that Drew's behavior amounted to sexual misconduct under prison regulations, and, Saunders asserts, her behavior could be deemed criminal conduct.  Saunders further asserts that Drew's behavior and her supervisors' inaction in the face of his complaint, including their failure to prevent Drew from working again on Saunders's unit, caused him emotional harm.  Saunders has also alleged that the SCDC prevented him from reporting Drew's conduct to the Strafford County Sheriff's Department or other law enforcement personnel.  The complaint amendment (doc. no. 8) further clarifies Saunders's intent to assert claims against defendants based on federal constitutional law and state tort law.

## Discussion

I.  **Federal Claims**

Saunders asserts claims for damages and injunctive relief under 42 U.S.C. § 1983, based on C.O. Drew's behavior on August

2

30, 2014, the inaction of County personnel to redress his complaints and grievances about that incident, and their failure to allow the incident to be reported to law enforcement personnel. For reasons stated in the June 26 R&R, the allegations regarding the isolated incident, and the response of SCDC officers and supervisory personnel, do not give rise to a reasonable inference that Saunders was subjected to the type of misconduct that has been deemed actionable under the Due Process Clause or the Equal Protection Clause. Saunders also fails to state a claim for relief under the Eighth Amendment, as the allegations do not show that any defendant acted with deliberate indifference to a risk of serious harm to Saunders. See Farmer v. Brennan, 511 U.S. 825, 836-37 (1994).

While Saunders seeks relief based on allegations that he was prevented from reporting Drew's conduct to law enforcement officials, Saunders does not have a constitutionally protected right to have any defendant disciplined or prosecuted. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); see also Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005) ("the benefit that a third party may receive from having someone else arrested

for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations" (citing <u>DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.</u>, 489 U.S. 189 (1989)).  Accordingly, the allegations regarding SCDC inaction where Saunders sought to report the incident do not state a claim for relief for the violation of any federal constitutional right.

Accordingly, for reasons stated herein and in the June 26 R&R, Saunders cannot seek relief under § 1983 for Drew's conduct, or for any acts or omissions of SCDC personnel, described in the original complaint (doc. no. 1) and/or in the complaint addendum (doc. no. 8).  Accordingly, all federal claims should be dismissed from this case.

## II.  <u>State Tort Claims</u>

In the complaint addendum (doc. no. 8), Saunders has clarified that he intends to seek relief under state tort law. This court may decline to exercise jurisdiction over the state law claims in this case where all of the federal claims are dismissed.  <u>See</u> 28 U.S.C. § 1367(c)(3).  If the district judge accepts the recommendation that all of Saunders's federal claims be dismissed for failure to state a claim, the district judge should also decline to exercise supplemental jurisdiction over

Saunders's state law tort claims.  The district judge should dismiss the related state law tort claims without prejudice to Saunders's ability to refile those claims in state court.

## Conclusion

For the foregoing reasons, the district judge should dismiss all of Saunders's federal claims asserted in the complaint (doc. no. 1) and/or the complaint addendum (doc. no. 8).  The state law tort claims asserted by Saunders should be dismissed without prejudice to Saunders's ability to refile those claims in state court.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 13, 2015

cc:  Richard N. Saunders, III, pro se